# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PREDICTIVE ANALYTICS GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N23C-07-022 JRJ |
| TOBY R. NEUGEBAUER and ANIMO BANCORP, INC. (a/k/a GloriFi Financial), | ) ) ) ) | |
| Defendants. | ) ) | |

Date Submitted:  September 25, 2023
Date Decided:  November 21, 2023

## **ORDER**

Upon consideration of Defendants', Toby R. Neugebauer ("Neugebauer") and Animo Bancorp, Inc. ("Animo"), Motion to Vacate Judgment, Plaintiff Predictive Analytics Group, Inc.'s ("PAG") Opposition to Defendants' Motion to Vacate, and the record in this case, **IT APPEARS THAT:**

(1)     Neugebauer is an individual residing in the state of Texas,[1] and Animo is a Texas corporation with its principal place of business in Texas.[2]

---

[1] Defs.' Mot. to Vacate J. ¶ 1, Trans. ID 70671104 (Aug. 18, 2023).
[2] *Id*.

(2)     PAG is a Delaware corporation organized and existing under Delaware law.[3] PAG provides consulting services to clients in areas of data analytics, financial services, and data management.[4]

(3)     On July 29, 2022, Animo and PAG entered into a contractual agreement ("Agreement") whereby PAG agreed to act as Animo's stand-in Chief Risk Officer.[5] Contained in the Agreement is a Delaware choice of law provision as well as an agreement to arbitrate according to the Delaware Rapid Arbitration Act ("DRAA").[6]

(4)     The agreement to arbitrate states:

> [t]he parties hereby agree to arbitrate any and all disputes arising under or related to this Agreement and a Statement of Work including disputes related to the interpretation of this Agreement, under the Delaware Rapid Arbitration Act ("DRAA").  This provision shall be governed by Delaware law . . . The Arbitration shall take place in Wilmington, Delaware, or other such location as the parties and the Arbitrator may agree.[7]

(5)      From August 2022 through November 2022, PAG provided services to Animo.[8]

(6)     With the exception of the initial payment, Animo failed to pay PAG for its services and, as of November 30, 2022, Animo owed PAG $218,500.[9]

---

[3] Compl. ¶ 1, Trans. ID 70311464 (July 5, 2023).
[4] *Id.*
[5] Compl. ¶ 16, Ex. C, Trans. ID 70311464 (July 5, 2023). The Agreement was effective as of July 22, 2023. *Id.*
[6] Compl., Ex. C. at 14-15.
[7] *Id.*
[8] *Id.* ¶ 18.
[9] *Id.* ¶¶ 18-19.

(7)     At some point prior to execution of the Agreement, Neugebauer made a loan to Animo which he called back in late 2022, leaving Animo insolvent.[10]  The money was dispersed to a company of which Neugebauer was a shareholder.[11]

(8)     On July 5, 2023, PAG commenced this civil suit, alleging claims for breach of contract against Animo, fraudulent transfer against all Defendants, and unjust enrichment against Neugebauer.[12]

(9)     On July 17, 2023, the Prothonotary issued Summonses for service on Defendants.[13]  Thereafter, Defendants failed to file an Answer.[14]

(10)   On August 8, 2023, PAG filed a Written Direction for Entry of Default Judgment.[15]

(11)   Following the filing of PAG's Written Direction for Entry of Default Judgment, Defendants filed the instant Motion to Vacate Judgment (the "Motion") on August 18, 2023, pursuant to Superior Court Civil Rules 60(b)(1), 60(b)(4), and 60(b)(6).[16]  Defendants claim PAG is attempting to litigate a dispute arising from a contractual obligation subject to an arbitration clause.[17]

---

[10] *Id.* ¶¶ 12, 28.
[11] *Id.* ¶ 29.
[12] Compl.  Count Three is pled in the alternative to Count Two. *Id.* ¶ 50.
[13] Summonses Returned Executed on Neugebauer and Animo, Trans. ID 70500853 (July 27, 2023).
[14] Pl.'s Written Direction for Entry of Default J. ¶ 7, Trans. ID 70589334 (Aug. 8, 2023).
[15] Pl.'s Written Direction for Entry of Default J.
[16] Defs.' Mot. to Vacate J. at 1; Super. Ct. Civ. R. 60(b)(1), (b)(4), (b)(6).
[17] Defs.' Mot. to Vacate J. ¶10.

(12) On September 18, 2023, PAG filed an Opposition to Defendants' Motion to Vacate ("Motion") in which they argue that Defendants have breached/waived the arbitration provision giving the Court jurisdiction under the Uniform Fraudulent Transfer Act ("UFTA").[18] The Court held a hearing on the Motion on September 25, 2023.[19]

(13) Superior Court Civil Rule 60(b) allows a Court to relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect . . . (4) the judgment is void . . . [or] (6) any other reason justifying relief from the operation of the judgment."[20]

(14) Superior Court Civil Rule 12(b)(1) allows a court to dismiss a matter for a lack of subject matter jurisdiction.[21] Subject matter jurisdiction is a non-waivable issue in which the "courts have an independent obligation to satisfy themselves of jurisdiction if it is doubt."[22]

---

[18] Pl.'s Opp'n to Defs.' Mot. to Vacate J., Trans. ID 70890148 (Sept. 18, 2023). Plaintiff also argues that the Court has jurisdiction to provide statutory remedies under UFTA but have not provided a case in which UFTA supersedes the jurisdictional power of the Court of Chancery under the DRAA.

[19] Hr'g on Defs.' Mot. to Vacate J., Trans. ID 70939440 (Sept. 25, 2023).

[20] Super. Ct. Civ. R. 60(b)(1), (b)(4), (b)(6).

[21] Super. Ct. Civ. R. 12(b)(1).

[22] *Appriva Shareholder Litigation Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 (quoting *Nesbit v. Gears Unlimited*, Inc., 347 F.3d 72-76-77 (3d Cir. 2003)) (internal citation omitted).

(15)  Defendants claim their Motion should be granted because the Court does not have jurisdiction over claims subject to an agreement to arbitrate governed by the DRAA.[23]

(16)  Under the DRAA, the Court of Chancery retains jurisdiction over arbitration disputes.[24]  The only jurisdictional power the Superior Court has over arbitration provisions is to enter a final judgment following a completed arbitration.[25]

(17)  PAG argues that the arbitration provision has been waived or breached by Defendants.[26]  However, whether the arbitration provision has been waived or breached must be litigated in the Court of Chancery which retains jurisdiction over arbitration provisions.[27]

(18)  The arbitration provision expressly covers "any and all disputes arising under or related to this Agreement and a Statement of Work . . . "[28]  The parties are

---

[23] Both parties extensively briefed the issue of Neugebauer's notice of the Complaint.  However, because the Court does not have jurisdiction to enter a judgment, the issue is moot and need not be addressed.

[24] 10 *Del. C.* §5804(b).

[25] Section 5804(c) reads as follows:
>    [i]f a final award is solely for money damages, upon application to the Superior Court of the State by a party to an arbitration in which a final award has been confirmed . . . the prothonotary of the Superior Court shall promptly enter a judgment on the judgment docket in conformity with the final award . . .

10 *Del. C.* §5804(c).

[26] Pl.'s Opp'n to Defs.' Mot. to Vacate J.

[27] 10 *Del. C.* §5804(b).

[28] Compl., Ex. C. at 14-15; *GPV I FIZAN v. Surgalign Holdings, Inc.*, 2023 WL 1796293, at *6 (Fed. 7, 2023) (holding the plaintiffs' fraud claims all arise out of, or are in connection with, the contractual agreement between the parties, so they are subject to the arbitration clause).

disputing whether the arbitration provision applies and whether the DRAA controls, both of which fall under the Court of Chancery's jurisdictional power.[29]

(19) **WHEREFORE,** because the Superior Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims, Defendants' Motion to Vacate Judgment must be **GRANTED** pursuant to Rule 60(b)(6) and Plaintiff's Complaint is **DISMISSED** pursuant to Rule 12(b)(1).

**IT IS SO ORDERED.**

/s/ Jan R. Jurden
Jan. R. Jurden, President Judge

Original to Prothonotary

cc:    Johnathan M. Stemerman, Esq.
      David A. Felice, Esq.

---

[29] Compl. While Amino argues the arbitration provision was waived and/or breached, any determination regarding the arbitration provision is properly litigated in the Court of Chancery.